UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROXANE MORALES,**

    **Plaintiff,**

**v.**                                                                 **Case No:**

**SOUTH FLORIDA FEDERAL**
**CREDIT UNION,**

                                                                       **DEMAND FOR JURY TRIAL**

    **Defendant.**

_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **ROXANE MORALES** ("Ms. Morales"or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **SOUTH FLORIDA FEDERAL CREDIT UNION** ("Defendant"), and in support thereof states as follows:

*Introduction*

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by continuing to call Ms. Morales' Cellular Telephone after Ms. Morales demanded that Defendant stop calling her Cellular Telephone, and by continuing to

contact Ms. Morales' mother after Ms. Morales demanded that Defendant stop contacting her mother, which contact even included Defendant going to Ms. Morales' mother's home repeatedly, which can all reasonably be expected to harass Ms. Morales and her mother.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Ms. Morales was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Ms. Morales is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 786-***-5230 ("Ms. Morales's Cellular Telephone").

6. At all times material hereto, Defendant was and is a credit union with its headquarters located at 1902 N.W. 14th Avenue, Miami, FL 33125.

## *Statements of Fact*

7. Ms. Morales opened a credit card account with Defendant ("Account").

8. Sometime thereafter, Ms. Morales encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9. In or around June of 2019, Defendant began placing calls to Ms. Morales' Cellular Telephone" in attempts to collect the Debt.

10. During that same time period, Defendant began placing calls to Ms. Morales' mother's cellular telephone number, 786-***-2690 ("Ms. Morales' Mother's Cellular Telephone"), in attempts to collect the Debt.

11. Defendant also sent its agents or representatives to Ms. Morales' mother's home in attempts to collect the Debt.

12. Ms. Morales spoke with Defendant in June of 2019 and demanded that Defendant stop calling her Cellular Telephone, that Defendant stop calling her Mother's Cellular Telephone, and that Defendant stop going to Ms. Morales' mother's home.

13. Despite Ms. Morales' demands, Defendant continued to place calls to Ms. Morales' Cellular Telephone and Ms. Morales' Mother's Cellular Telephone in attempts to collect the Debt.

14. Defendant also continued to send its agent or representatives to Ms. Morales' home in attempts to collect the Debt.

15. Defendant called Ms. Morales's Cellular Telephone from several different telephone numbers, including, but not limited to: 305-207-5285.

16. All of Defendant's calls to Ms. Morales' Cellular Telephone were placed in an attempt to collect the Debt.

17. All of Defendant's calls to Ms. Morales' Mother's Cellular Telephone were placed in an attempt to collect the Debt.

18. All of Defendant's visits to Ms. Morales' mother's home were in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

19. Ms. Morales re-alleges paragraphs 1-18 and incorporates the same herein by reference.

20. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

21. Ms. Morales revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around June of 2019 when she expressly told Defendant to stop calling her Cellular Telephone.

22. Despite this revocation of consent, Defendant thereafter continued to call Ms. Morales' Cellular Telephone.

23. Defendant did not place any emergency calls to Ms. Morales' Cellular Telephone.

24. Defendant willfully and knowingly placed non-emergency calls to Ms. Morales' Cellular Telephone.

25. Ms. Morales knew that Defendant called Ms. Morales' Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

26. Ms. Morales knew that Defendant called Ms. Morales' Cellular Telephone using a prerecorded voice because Defendant left Ms. Morales at least one voicemail using a prerecorded voice.

27. Defendant used an ATDS when it placed at least one call to Ms. Morales' Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Morales' Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Morales' Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Morales' Cellular Telephone.

31. At least one call that Defendant placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

32. At least one call that Defendant placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

33. At least one call that Defendant placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

34. At least one call that Defendant placed to Ms. Morales' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

35. At least one call that Defendant placed to Ms. Morales' Cellular Telephone was made using a prerecorded voice.

36. Defendant has recorded at least one conversation with Ms. Morales.

37. Defendant has recorded more than one conversation with Ms. Morales

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Morales for its financial gain.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Morales' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

40. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Morales despite individuals like Ms. Morales revoking any consent that Defendant believes it may have to place such calls.

41. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Morales' Cellular Telephone.

42. Defendant has corporate policies to abuse and harass consumers like Ms. Morales.

43. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

44. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

45. Defendant's actions have damaged Ms. Morales by causing her embarrassment.

46. Defendant's actions have damaged Ms. Morales by causing her emotional distress.

47. Defendant's actions have damaged Ms. Morales by causing her stress.

48. Defendant's actions have damaged Ms. Morales by causing her anxiety.

49. Defendant's actions have damaged Ms. Morales by causing her to lose sleep.

50. Defendant's actions have damaged Ms. Morales by causing her aggravation and being a nuisance.

51. Defendant's actions have damaged Ms. Morales by invading her privacy.

52. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

53. Plaintiff re-alleges paragraphs 1-18 and incorporates the same herein by reference.

54. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Morales' Cellular Telephone despite Ms. Morales' demands that Defendant stop calling her Cellular

       Telephone, which can reasonably be expected to harass Ms. Morales.

  b. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Morales' Mother's Cellular Telephone, despite Ms. Morales' demands that Defendant stop calling her Cellular Telephone, which can reasonably be expected to harass Ms. Morales' mother.

  c. Defendant violated Fla. Stat. § 559.72(7) by continuing to send representatives or agent to Ms. Morales' mother's home, despite Ms. Morales' demands that Defendant stop going to her mother's home, which can reasonably be expected to harass Ms. Morales and her mother.

55. As a result of the above violations of the FCCPA, Ms. Morales has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

56. Defendant's actions have damaged Ms. Morales by causing her embarrassment.

57. Defendant's actions have damaged Ms. Morales by causing her emotional distress.

58. Defendant's actions have damaged Ms. Morales by causing her stress.

59. Defendant's actions have damaged Ms. Morales by causing her anxiety.

60. Defendant's actions have damaged Ms. Morales by causing her to lose sleep.

61. Defendant's actions have damaged Ms. Morales by causing her aggravation and being a nuisance.

62. Defendant's actions have damaged Ms. Morales by invading her privacy.

63. It has been necessary for Ms. Morales to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

64. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees; and

   e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Roxane Morales, demands a trial by jury on all issues so triable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Morales v. South Florida Federal Credit Union*
Page **10** of **11**

Respectfully submitted this **October 31, 2019**,

>	*/s/ Kaelyn Steinkraus*
>	Kaelyn Steinkraus, Esq.
>	Florida Bar No. 125132
>	kaelyn@zieglerlawoffice.com
>	Law Office of Michael A. Ziegler, P.L.
>	2561 Nursery Road, Suite A
>	Clearwater, FL 33764
>	(p)  (727) 538-4188
>	(f)  (727) 362-4778
>	*Counsel for Plaintiff*